**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____ District of Delaware
                  (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | Brookstone, Inc. | |
| 2. **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | Brookstone | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 0 6 – 1 1 8 2 8 9 5 | |
| 4. **Debtor's address** | **Principal place of business** One Innovation Way Number  Street <br><br>Merrimack   NH   03054 City   State   ZIP Code <br><br>Hillsborough County | **Mailing address, if different from principal place of business** <br>_____ <br>Number  Street <br>_____ <br>P.O. Box <br>_____ <br>City   State   ZIP Code <br><br>**Location of principal assets, if different from principal place of business** <br>_____ <br>Number  Street <br>_____ <br>_____ <br>City   State   ZIP Code |
| 5. **Debtor's website** (URL) | www.brookstone.com | |
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br>☐ Partnership (excluding LLP) <br>☐ Other. Specify: _____ | |

Debtor  Brookstone, Inc._____  Case number (*if known*)_____
      *Name*

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  4 5 2 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☑ Yes.  District Delaware  When 04/03/2014  Case number 14-10752
                                                MM / DD / YYYY

     District _____  When _____  Case number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes.  Debtor See Rider 1  Relationship _____
     District _____  When _____
                                       MM / DD / YYYY
     Case number, if known _____

Debtor  Brookstone, Inc.
    Name

Case number (*if known*)_____

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
|---|---|---|
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number    Street<br>_____<br>_____<br>City    State    ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds**<br><br>(on a consolidated basis) | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors**<br><br>(on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets**<br><br>(on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

Debtor __Brookstone, Inc._____   Case number (*if known*)_____
          Name

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

(on a consolidated basis)

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/02/2018
               MM / DD / YYYY

✗ /s/ Stephen A. Gould             Stephen A. Gould
Signature of authorized representative of debtor    Printed name

Title  Secretary

**18. Signature of attorney**

✗ /s/ Sean M. Beach         Date  08/02/2018
Signature of attorney for debtor         MM / DD / YYYY

Sean M. Beach
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 North King Street
Number  Street

Wilimington        DE      19801
City              State     ZIP Code

(302) 571-6621        sbeach@ycst.com
Contact phone          Email address

No. 4070           Delaware
Bar number           State

# **Rider 1**

The Debtor and each of the affiliated entities listed in the table below filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

| |
|---|
| Brookstone Holdings Corp. |
| Brookstone, Inc. |
| Brookstone Company, Inc. |
| Brookstone Retail Puerto Rico, Inc. |
| Brookstone International Holdings, Inc. |
| Brookstone Purchasing, Inc. |
| Brookstone Stores, Inc. |
| Big Blue Audio LLC |
| Brookstone Holdings, Inc. |
| Brookstone Properties, Inc. |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Brookstone, Inc._____

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                                 (State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   Combined Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/02/2018            ✗ /s/ Stephen A. Gould_____
            MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                         Stephen A. Gould_____
                                         Printed name

                                         Secretary_____
                                         Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

| Debtor name | Brookstone, Inc. |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE** | |
| Case No. (If known) | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | **If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.** | | |
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Ssg-Shenzhen Yuan Chuang Int'L Trading Company Ltd Guangdong Province, 518101 | Ssg-Shenzhen Yuan Chuang Tel: 86-755-2970-1598 Email: simonfung@sanpowergroup.com | Merch | | | | $39,399,679.50 |
| 2 | Sz Telstar Co, Ltd Attn:Controller Merrimack, NH 03054 | Sz Telstar Co, Ltd Tel: 952-239-9241 Fax: 0755-89567502 Email: rezaaghelnejad@comtechsales.com | Merch | | | | $827,156.78 |
| 3 | Simon Property Group, Inc. 225 West Washington Street Indianapolis, IN 46204 | Simon Property Group, Inc. Tel: 317-263-7742 Email: Erica.Mace@simon.com | Rent | | | | $779,146.19 |
| 4 | After Shokz LLC 6057 Corporate Drive East Syracuse, NY 13057 | After Shokz LLC Tel: 315 657 1295 Email: bill@aftershokz.com | Merch | | | | $473,952.00 |
| 5 | Asia Combine Co., Ltd 17 Riverside St Nashua, NH 03062 | Asia Combine Co., Ltd Tel: 714-851-0688 / 86 130 2881 5373 Email: asiacomb@icloud.com / gchen@asiacomb.com.cn | Merch | | | | $453,019.53 |

**Debtor name**  Brookstone, Inc.

**Case No. (If known)** _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  GGP<br>350 North Orleans<br>Suite 300<br>Chicago, IL 60654-1607 | GGP<br>Tel: 312-960-5401<br>Email: Nancy.Bernero@ggp.com | Rent | | | | $441,568.24 |
| 7  Emerge Technologies, Inc.<br>Dept. 3779<br>Dallas, TX 75312 3779 | Emerge Technologies, Inc.<br>Tel: 508-277-9330<br>Email: jay@dedicatedsales.com | Merch | | | | $331,344.00 |
| 8  Axent Wear, Inc<br>21515 Hawthorne Blvd<br>Torrance, CA 90503 | Axent Wear, Inc<br>Email: victoriahu.rm@gmail.com | Expense | | | | $309,317.32 |
| 9  Shenzhen Cham Battery Techno<br>B3 Bldg. Gao Xin Jian<br>Shenzhen Guang Don, 518103 | Shenzhen Cham Battery Techno<br>Tel: 86 136 5035 6890<br>Email: sammy@powerocks.com | Merch | | | | $296,461.20 |
| 10  Shenzhen Forrest Health<br>Building 2A, No 48<br>Shenzhen, | Shenzhen Forrest Health<br>Tel: 86 755 2518 5991<br>Email: Pan@forrestmassager.com | Merch | | | | $277,072.02 |
| 11  Qbe Insurance Corporation<br>Attn. Lynn Grunst<br>Sun Prairie, WI 53596 | Qbe Insurance Corporation<br>Tel: 608-837-4440<br>Fax: 608-837-0583 | Expense | | | | $239,846.92 |
| 12  Pilot Air Freight Corp<br>Pob Ox 654058<br>Dallas, TX 75265-4058 | Pilot Air Freight Corp<br>Tel: 484-234-4375 | Expense | | | | $218,557.17 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    Page 2

**Debtor name** Brookstone, Inc.                              **Case No. (If known)**

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  Cozzia Usa LLC<br>861 S. Oak Park Road<br>Covina, CA 91724 | Cozzia Usa LLC<br>Tel: 410-271-0923<br>Email: JohnC@cozziausa.com | Merch | | | | $201,519.00 |
| 14  Taubman-Cherry Creek Lp<br>P.O. Box 67000<br>Detroit, MI 48267-0898 | Taubman-Cherry Creek Lp<br>Tel: 248-258-7562<br>Email: Jsanders@Taubman.com | Rent | | | | $193,986.34 |
| 15  Demandware Inc<br>5 Wall Street<br>Burlington, MA 01803 | Demandware Inc<br>Tel: 978-430-7565<br>Email: Tpetzold@salesforce.com | Expense | | | | $192,033.84 |
| 16  Westfield Concession Management<br>Attn: Judy Tuttle, VP<br>2730 University Boulevard West 900<br>Wheaton, MD 20902 | Westfield Concession Management<br>Tel: 310-689-5623<br>Email: Cbuenaventura@westfield.com | Rent | | | | $191,896.18 |
| 17  Federal Express<br>P.O. Box 371461<br>Pittsburgh, PA 15250-7461 | Federal Express<br>Tel: 855-552-5393 Ext 3078<br>Email: ccjeffries@fedex.com | Expense | | | | $186,127.47 |
| 18  The Bernard Group<br>19011 Lake Drive East<br>Chanhassen, MN 55317 | The Bernard Group<br>Tel: 952-934-1900 | Expense | | | | $185,254.16 |
| 19  Scosche<br>1550 Pacific Ave<br>Oxnard,, CA 93034 | Scosche<br>Tel: 805 486 4450<br>Email: tylerd@scosche.com | Merch | | | | $184,852.60 |

**Debtor name** Brookstone, Inc.

Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  Grantec Zhangzhou Co. Ltd<br>14F B04 Bldg Software Par<br>Fujian, | Grantec Zhangzhou Co. Ltd<br>Tel: 0592-6296673<br>Fax: 0592-6296663<br>Email: lee@grantec.com.cn | Merch | | | | $184,394.80 |
| 21  Session M, Inc.<br>2 Seaport Lane<br>Boston, MA 02210 | Session M, Inc.<br>Tel: 888-226-9756 | Expense | | | | $182,250.00 |
| 22  Macerich<br>401 Wilshire Boulevard, Suite 700<br>Santa Monica, CA 90401 | Macerich<br>Tel: 602-953-6328<br>Email: Tamara.Ortega@macerich.com | Rent | | | | $180,072.16 |
| 23  Boston Retail Partners, LLC<br>P.O. Box 2252<br>Birmingham, AL 35246-1058 | Boston Retail Partners, LLC<br>Tel: 781-858-1086<br>Email: sjoyce@bostonretailpartners.com | Expense | | | | $179,187.77 |
| 24  Acctron Company Limited<br>Attn:Controller<br>Merrimack, NH 03054 | Acctron Company Limited<br>Email: desmond@acctron.net.cn | Merch | | | | $177,766.88 |
| 25  Jiangsu Cross-Border<br>E-Comm Service Co Ltd<br>Nanjing, China, 210049 | Jiangsu Cross-Border<br>Tel: 86-025-84356754<br>Fax: 86-025-84356508 | Merch | | | | $168,840.00 |
| 26  Aon Risk Services Northeast, I<br>P.O. Box 7247-7376<br>Philadelphia, PA 19170-7376 | Aon Risk Services Northeast, I<br>Tel: 617-482-3100<br>Fax: 617-542-2597 | Expense | | | | $167,857.50 |

**Debtor name**  Brookstone, Inc.    **Case No. (If known)** _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  Samsonite LLC<br>Dept Ch 19296<br>Palatine, IL 60055-9296 | Samsonite LLC<br>Tel: 415-922-1959<br>Fax: 415-922-8659<br>Email: Linda.Doty@Samsonite.com | Merch | | | | $163,022.28 |
| 28  Little Upstarts, Inc.<br>2589 Sandhurst Drive<br>Lewis Center, OH 43035 | Little Upstarts, Inc.<br>Tel: 781-974-6863<br>Email: jene@jemasales.com | Merch | | | | $159,587.56 |
| 29  Taishin Electronic Co Ltd<br>Attn:Controller<br>Merrimack, NH 03054 | Taishin Electronic Co Ltd<br>Email: sherryhuang@chinataishin.com | Merch | | | | $140,386.40 |
| 30  Health Care Co Ltd<br>No 999 Gaonan Road<br>Dingyan Rugao City, | Health Care Co Ltd | Merch | | | | $137,156.12 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BROOKSTONE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-_____ (___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(1), 1007(a)(3), AND 7007**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Brookstone Holdings Corp., a Delaware Corporation, and the affiliated debtors and debtors in Possession (each a "Debtor"), hereby state as follows:

1. Non-Debtor Sailing Innovation Ltd. owns 100% of Debtor Brookstone Holdings Corp.

2. Debtor Brookstone Holdings Corp. owns 100% of Debtor Brookstone, Inc.

3. Debtor Brookstone, Inc. owns 100% of Debtor Brookstone Company, Inc.

4. Debtor Brookstone Company, Inc. owns 100% of each of the following Debtors: (i) Brookstone Retail Puerto Rico, Inc.; (ii) Brookstone International Holdings, Inc.; (iii) Brookstone Purchasing, Inc.; and (iv) Brookstone Stores, Inc.

5. Debtor Brookstone Stores, Inc. owns 100% of Debtor Brookstone Holdings, Inc.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Brookstone Holdings Corp. (4638), Brookstone, Inc. (2895), Brookstone Company, Inc. (3478), Brookstone Retail Puerto Rico, Inc. (5552), Brookstone International Holdings, Inc. (8382), Brookstone Purchasing, Inc. (2514), Brookstone Stores, Inc. (2513), Brookstone Hong Kong Holdings Limited (N/A), Big Blue Audio LLC (N/A), Brookstone Holdings, Inc. (2515); and, Brookstone Properties, Inc. (2517). The Debtors' corporate headquarters and the mailing address for each Debtor is One Innovation Way, Merrimack, NH 03054.

6. Debtor Brookstone Holdings, Inc. owns 100% of each of the following Debtors: (i) Brookstone Properties, Inc.; and (ii) Big Blue Audio LLC.

*[Remainder of page intentionally left blank]*

**RESOLUTIONS**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**BROOKSTONE HOLDINGS CORP.**
**BROOKSTONE, INC.**
**BROOKSTONE COMPANY, INC.**

**Adopted August 1, 2018**

**Authorization for Filing a Voluntary Petition Under**
**Chapter 11 of the Bankruptcy Code and Related Matters**

| | |
|---|---|
| WHEREAS: | The board of directors (the "Board") has considered the business and financial condition and results of operations of each of Brookstone Holdings Corp., Brookstone, Inc., Brookstone Company, Inc., and each of Brookstone Company, Inc.'s subsidiaries: Brookstone Holdings, Inc., Brookstone International Holdings, Inc., Brookstone Properties, Inc., Brookstone Purchasing, Inc., Brookstone Retail Puerto Rico, Inc., Brookstone Stores, Inc., and Big Blue Audio LLC (each, individually, a "Corporation" and collectively the "Corporations"), on the date hereof, including the assets and liabilities of the Corporations; and |
| WHEREAS: | The Board has reviewed, considered, and received the recommendations of the legal, financial, and other advisors of the Corporations as to the relative risks and benefits of certain strategic alternatives available to the Corporations, including pursuing a bankruptcy under chapter 11 ("Chapter 11") of title 11 of the United States Code, 11 U. S. C. §§ 101 *el seq.* (the "Bankruptcy Code"). |
| | NOW THEREFORE, it is hereby: |
| RESOLVED: | That in the judgment of the Board, it is desirable and in the best interests of each of the Corporations' creditors, stockholders, and other parties in interest that the Corporations commence bankruptcy proceedings (the "Chapter 11 Case") by filing a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on or after August 2, 2018; |
| RESOLVED: | That Piau Phang Foo, the President and Chief Executive Officer, Greg Tribou, the Vice President, Chief Financial Officer and Treasurer, Stephen A. Gould, the Senior Vice President, Secretary, and General Counsel or such other officers as may be designated by the President and Chief Executive Officer (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them hereby is, acting singly or together, authorized and directed, in the name of and on behalf of the Corporations, to execute and |

verify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Authorized Officer executing the petition shall determine;

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to execute and file, in the name of and on behalf of the Corporations, all petitions, agreements, pleadings, and other documents or papers, and to take any and all action that such Authorized Officers deem necessary or proper, in connection with the Chapter 11 Case;

### File and Prosecute Confirmation of a Chapter 11 Plan

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed in the name of and on behalf of the Corporations to execute a Chapter 11 plan (a "Plan"), and to enter into and execute such additional documents, agreements, consents, certificates, amendments, supplements, and instruments as may be necessary to obtain confirmation of any Plan which may be contemplated;

RESOLVED: That all acts and actions taken by the Corporations and the Authorized Officers prior to the date hereof with respect to any agreement that may be negotiated, any Plan and the transactions contemplated therein shall be, and hereby are, in all respects confirmed, approved and ratified;

### Postpetition Financing

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed in the name of and on behalf of the Corporations to negotiate, execute and deliver appropriate agreements for postpetition financing, now or hereinafter contemplated, to be provided by any interested party on any basis and with any terms which the Corporations determine, in the exercise of the business judgment of the Corporations, would be beneficial to the Corporations in connection with the Chapter 11 Case, including the granting of claims or liens of any kind or priority to such lender(s) party to such agreement(s) (including, without limitation, any superpriority administrative expense claims or priming liens), and to take such additional action and to execute and deliver each other agreement, instrument or document proposed to be executed and delivered by or on behalf of the Corporations pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any such officer may approve, such approval to be conclusively evidenced by the taking of such action or the execution and delivery thereto;

### Cash Collateral Agreement

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together authorized, empowered, and directed to negotiate, execute, and deliver appropriate agreements for the use of cash collateral in connection

2

with the Corporations' Chapter 11 Cases, which agreement(s) may require the Corporations to acknowledge the debt and liens of existing loans, grant liens and pay interest to the Corporations' existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument, or document, to be executed and delivered by or on behalf of the Corporations pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

### Sale

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed in the name of and on behalf of the Corporations to a) enter into negotiations with any interested parties regarding a purchase of any or all of the assets (of any kind) of any or all of the Corporations or any of the Corporations' other direct or indirect subsidiaries, whether pursuant to a plan or otherwise (such sale, a "Sale"), b) execute and deliver an agreement providing for such Sale (the "Sale Agreement") in connection with the Sale, c) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for the transactions contemplated thereby, d) if the Authorized Officers deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local, or non-U.S. law to sell such assets in a Sale, e) to organize and manage a sales process for such assets, which may take the form of an auction or any other process which may include the identification of a stalking horse bidder, as well as negotiating and entering into an agreement with such stalking horse bidder, and f) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby;

RESOLVED: That all acts and actions taken by the Corporations and the Authorized Officers prior to the date hereof with respect to the any Sale which may be negotiated, and the transactions contemplated thereby and thereunder, shall be, and hereby are, in all respects confirmed, approved and ratified;

### Chapter 11 Professionals

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to employ and retain the law firm of Gibson, Dunn & Crutcher LLP as bankruptcy counsel to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Corporations' rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers be, and each of them hereby is, acting singly or together, authorized

3

and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Gibson, Dunn & Crutcher LLP;

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to employ and retain the firm of Young Conaway Stargatt & Taylor, LLP, as Delaware counsel and, to the extent necessary or desirable, conflicts counsel, to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Corporations' rights and obligations; including filing any pleadings; and in connection therewith, the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to employ and retain the financial advisory firm of Berkeley Research Group, LLC as financial advisors to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Corporations' rights and obligations; and in connection therewith, the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Berkeley Research Group, LLC;

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to employ and retain the financial advisory firm of GLC Advisors & Co. as investment banker to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Corporations' rights and obligations; and in connection therewith, the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of GLC Advisors & Co.;

RESOLVED: That the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to employ and retain the firm of Omni Management Group as claims, noticing, balloting and administrative agent to represent and assist the Corporations in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Corporations'

4

rights and obligations; and in connection therewith, the Authorized Officers be, and each of them hereby is, acting singly or together, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Omni Management Group;

### **General**

RESOLVED: That, in addition to the specific authorization previously conferred herein upon the Authorized Officers, any other authorized officers, agents or their designees hereby be, and they are, and each of them acting singly is, authorized and directed, in the name of and on behalf of the Corporations, to take or cause to be taken any and all such further actions, execute and deliver any and all such petitions, agreements, pleadings, and other documents or papers, and pay all expenses, including filing fees, in each case as in such authorized officer's judgment shall be necessary or desirable to fully carry out the intent and accomplish the purpose of the resolutions adopted herein;

RESOLVED: That all documents, agreements and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of the Corporations, which acts would have been approved by the resolutions herein except that such actions were taken before these resolutions were approved and adopted by the Board, are hereby in all respects approved and ratified;

RESOLVED: That these resolutions be maintained in the Board of Directors records of the Corporations.

IN WITNESS WHEREOF, the foregoing resolutions were duly adopted by the Board duly called and convened on the date first set forth above.

                                      **BROOKSTONE HOLDINGS CORP.**
                                      **BROOKSTONE, INC.**
                                      **BROOKSTONE COMPANY, INC.**

                                      /s/ Stephen A. Gould
                                      Stephen A. Gould, Secretary